UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:99CR553   CDP |
| ) | |
| DAVID MICHAEL KOLLORE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Defendant David Michael Kollore has filed a motion under 18 U.S.C. § 3582(c)(2) seeking a lower sentence because of the new crack cocaine sentencing guidelines. Because defendant's guidelines range was based on powder cocaine, however, he cannot benefit from these amendments, and so I will deny the motion.

## Discussion

Defendant pleaded guilty to multiple charges, including: conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of crack cocaine, possession with intent to distribute cocaine (3 counts), possession with intent to distribute more than five grams of crack cocaine, possession with intent to distribute more than 50 grams of crack cocaine, and illegal structuring (two counts). He received a sentence of 156 months on each of the drug counts, and 60 months on the structuring count, with

all sentences to run concurrently. This sentence was the result of a binding plea agreement under Rule 11(c)(1)(C). I later reduced the sentence to 132 months, based on the government's Rule 35 motion.

In the parties' plea agreement, and in the presentence report, Kollore's base offense level of 34 was agreed to be the level attributable to more than 15 but less than 50 kilograms of cocaine. After other adjustments agreed to in the plea agreement, his total offense level was 33. His criminal history category was II, so his guidelines range was 151 to 188 months.

Defendant argues that his sentence should be reduced because the offense involved crack cocaine, and he also urges that the court has authority under *United States v. Booker*, 543 U.S. 220 (2005), to reduce his sentence further. He argues that the crack cocaine base offense level that would have applied at the time of his sentencing (had his guidelines been based on crack) was 32, and that has now been lowered to 30.

Absent statutory authority, the Court cannot reduce a final sentence. Section 3582(c) of Title 18 provides authority for the court to do so under very limited circumstances. *See United States v. Starks*, 2009 WL 66115, No. 08-2590 (8th Cir. Jan. 13, 2009) ("In § 3582(c), Congress sought to limit the authority of a district court to modify a term of imprisonment."). One of those circumstances

allows the Court to reduce the sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ." In Amendment 706, effective November 1, 2007, the United States Sentencing Commission reduced most crack cocaine sentencing ranges by lowering the base offense level by two levels. The Sentencing Commission later determined that the reduction should apply retroactively, and added Amendment 706 to the list of retroactive amendments in U.S.S.G. § 1B1.10(c).

Kollore was not sentenced based on the crack cocaine guidelines, so Amendment 706 has no application to him. He agreed that he was responsible for 15 to 50 kilograms of *powder* cocaine, and his sentence was based on the guidelines calculations for powder, not crack. The powder cocaine guidelines were not lowered by Amendment 706, and so 18 U.S.C. § 3582(c)(2) does not apply to Kollore's sentence at all.

Additionally, I would not further reduce Kollore's sentence even if the Amendments applied to him. He was the leader of an extremely large and extensive cocaine trafficking organization, responsible for bringing many kilograms of cocaine into the St. Louis area and then distributing that cocaine in the area. He negotiated a very favorable binding plea agreement, which I

approved, and then later obtained a further reduction in his sentence. A sentence lower than 132 months would not be appropriate, given his extensive criminal activity.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion under Title 18 U.S.C. § 3582 for reduction of sentence [#556] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2009.